UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TROY G. HAMMER,

        Plaintiff,

  v.                                              Case No. 19-C-216

DR. TODD HAMILTON,
DR. SAMANTHA SCHWARTZ-OSCAR,
CAPT. MICHAEL SCHULTZ,
CAPT. JAY VAN LANEN,
LT. WUCHERER,
LT. REBECCA LENZ,
JOHN DOES, and
JANE DOES,

        Defendants.

---

## ORDER SCREENING AMENDED COMPLAINT

---

Plaintiff Troy G. Hammer, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court screened Hammer's complaint and allowed him to proceed on Eighth Amendment and medical malpractice claims against Drs. Todd Hamilton and Samantha Schwartz-Oscar. On March 27, 2019, Drs. Hamilton and Schwartz-Oscar moved to dismiss the complaint on exhaustion grounds. Hammer subsequently filed a motion to appoint counsel and a letter indicating that he does not know how to proceed in the case and stating several reasons for his failure to exhaust. On April 10, 2019, Magistrate Judge William E. Duffin denied Hammer's motion to appoint counsel and ordered that, moving forward, Drs. Hamilton and

Schwartz-Oscar's motion to dismiss would be treated as a motion for summary judgment because Hammer's letter raised issues outside of the pleadings. Dkt. No. 18 at 3.

On April 11, 2019, Hammer filed a motion for extension of time to respond to Drs. Hamilton and Schwartz-Oscar's motion to dismiss, though he likely did not receive notice of the magistrate's April 10th order before filing for an extension. Hammer also filed an amended complaint the same day. Federal Rule of Civil Procedure 15 (a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because Hammer filed an amended complaint within 21 days after Drs. Hamilton and Schwartz-Oscar filed a motion to dismiss, the amended complaint is the operative complaint and will be screened.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R.

Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

At all relevant times to this action, Hammer was incarcerated at Green Bay Correctional Institution (GBCI). Hammer alleges that he has a significant history of suicide attempts and self-mutilation. He alleges that, on June 7, 2016, he submitted three psychological request slips (PSUs), stating that he has tried to seek psychological help and that "he has been contemplating on how he's gonna commit suicide." Dkt. No. 20 at ¶ 11. He alleges that Drs. Hamilton and Schwartz-Oscar, who were at all relevant times GBCI psychologists, received his PSUs on June 8th, the day they were assigned to restrictive housing unit (RHU) duties, which included observation reviews, crisis intervention, one-on-one sessions, and review of RHU PSUs. Hammer alleges that Hamilton and Schwartz-Oscar ignored the suicidal statements in his PSUs "as an experiment (as if he were a lab rat) to disrupt plaintiff's mental, emotional, and physical state," as "encouragement [for Hammer] to kill himself," and "because they were tried [sic] of dealing with him." *Id.* at ¶ 14. Hammer acknowledges that Hamilton responded to the PSUs but denies that Hamilton addressed his suicidality. Hammer alleges that such failure to address his suicidal thoughts fell below professional accepted judgment.

3

Around noon on June 8th, Hammer acted on his suicidal intent by lacerating his neck and left forearm with a razor blade, resulting in substantial blood loss and rendering him unconcious at one point. Hammer alleges that he was not observed until 2:00 p.m., and that his injuries were treated around 2:30 p.m., which involved receiving neck sutures. Hammer sought to file an inmate complaint regarding Drs. Hamilton and Schwartz-Oscar's failure to address his suicidality, but he was not able to promptly obtain complaint forms and a writing utensil. He alleges that Drs. Hamilton and Schwartz-Oscar, Captains Schultz and Van Lanen, Lieutenants Wucherer and Lenz, and John and Jane Does all agreed to but failed to provide Hammer with complaint forms and a writing utensil, thereby thwarting his ability to exhaust his administrative remedies. He also alleges that Dr. Schwartz-Oscar told Correctional Officer Diedrick to confiscate Hammer's copies of his June 7th PSUs. Hammer has sued all defendants in their individual capacities.

## THE COURT'S ANALYSIS

Hammer states an Eighth Amendment deliberate indifference claim against Drs. Hamilton and Schwartz-Oscar. To state such a claim, a plaintiff must allege objective and subjective elements: (1) the harm that befell him was objectively, sufficiently serious and a substantial risk to his health or safety, and (2) the defendants were deliberately, that is, subjectively, indifferent to that substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In cases involving suicide or attempted suicide, the objective element is met by virtue of the act of or attempt to commit suicide. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). In the same context, the subjective element requires that the defendants (1) subjectively knew the prisoner was at a substantial risk of committing suicide and (2) intentionally disregarded the risk. *Matos v. O'Sullivan*, 335 F.3d 553,

557 (7th Cir. 2003); *see also Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000).

Hammer alleges that Hamilton and Schwartz-Oscar received and deliberately ignored his PSUs, which stated that Hammer "has been contemplating on how he's gonna commit suicide." Dkt. 20 at ¶ 11. Even after being put on notice about Hammer's suicidality, Hamilton and Schwartz-Oscar allegedly took no reasonable action to abate Hammer's risk of suicide because they wanted to disrupt his emotional and physical state, intended to encourage suicide, and were tired of dealing with him. These allegations are sufficient to state an Eighth Amendment claim. Because Hammer also alleges that Hamilton and Schwartz-Oscar were responsible for reviewing and addressing RHU PSUs and that their failure to address his PSUs fell below professional accepted judgment, he may also proceed on a state law medical malpractice claim against Hamilton and Schwartz-Oscar. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860; 28 U.S.C. § 1367.

None of Hammer's other allegations state a claim. While state actors must respect a prisoner's right of access to the courts by not impeding a prisoner's efforts to pursue legal claims, Hammer's allegation that Schwartz-Oscar told a correctional officer to confiscate his copies of his PSUs is insufficient to state an access-to-courts claim absent an allegation of actual injury. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Hammer's allegations that multiple defendants failed to provide him with complaint forms and a writing utensil are also insufficient to state an access-to-courts claim absent an allegation that he is presently impeded in preparing or filing a suit or that he lost some underlying litigation due to illegal interference and has no meaningful access to relief. *See Christopher v. Harbury*, 536 U.S. 403, 405–06, 413–14 (2002); *Henderson v. Frank*,

293 F. App'x 410, 413 (7th Cir. 2008). Such allegations are not ineffectual, however, because "when a prisoner cannot take the required steps to exhaust his administrative remedies or his state remedies because prison officials are interfering, any challenge based on exhaustion is bound to fail." *Spencer v. Sommers*, No. 10-cv-288-bbc, 2011 WL 111581, at *4 (W.D. Wis. Jan. 13, 2011) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).

The defendants' alleged interference with Hammer's ability to exhaust his remedies is also insufficient to give rise to a Fourteenth Amendment due process claim because a procedural protection such as a state-created prison grievance procedure does not in and of itself create a property or liberty interest. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Any claim Hammer seeks to make under the Universal Declaration of Human Rights must similarly be dismissed because that declaration is non-binding and provides no private right of action. *Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009).

The result of this screening is no different than the result of the past screening. That is, Hammer may proceed on Eighth Amendment deliberate indifference and state law medical malpractice claims against Drs. Hamilton and Schwartz-Oscar. All other defendants and claims are dismissed. Drs. Hamilton and Schwartz-Oscar's motion to dismiss will be denied because, under normal circumstances, the filing of an amended complaint renders any pending motion to dismiss moot. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *Lim v. Cent. DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992); *Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-C-015-C, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007).

**IT IS THEREFORE ORDERED** that Drs. Hamilton and Schwartz-Oscar's motion to dismiss (Dkt. No. 13) and Hammer's motion for extension of time to file a response to the motion to dismiss (Dkt. No. 19) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that all claims against Capt. Michael Schultz, Capt. Jay Van Lanen, Lt. Wucherer, Lt. Rebecca Lenz, and John and Jane Does are **DISMISSED**.

**IT IS FURTHER ORDERED** that Drs. Hamilton and Schwartz-Oscar, who will receive electronic notice of this order, shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this  22nd  day of April, 2019.

>s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court