UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

        Plaintiff,

    v.                                                   Case No. 19-C-216

TODD HAMILTON, et al.,

        Defendants.

## ORDER

On November 26, 2019, the court conducted an evidentiary hearing on the issue of whether Plaintiff Troy G. Hammer had properly exhausted his administrative remedies before filing this § 1983 civil rights suit. On January 8, 2020, the court found that Hammer did not exhaust his administrative remedies and granted Defendants' motion for summary judgment. ECF No. 63.

About a month later, on February 4, 2020, Hammer filed a motion to alter or amend the judgment. He argues that the court made the following errors: 1) The court did not exclude the State's witnesses but instead allowed them to hear each other's testimony; 2) The court did not view the facts in a light most favorable to him (the non-moving party) and instead credited Defendants' witnesses' testimony over his testimony; and 3) The court improperly allowed testimony about his reputation for truthfulness, which "had nothing to do with what the evidentiary hearing was scheduled for and [was] completely irrelevant to [Hammer's] access to a crayon and the good cause argument." ECF No. 65 at 1-9.

Federal Rule of Civil Procedure 59(e) "allows the movant to bring to the district court's attention a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago*

*School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). "It 'does not provide a vehicle for a party to undo its own procedural failures . . . .'" *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, (citations omitted).

Contrary to Hammer's assertion, the court did not err when it did not exclude Defendants' witnesses from the courtroom while other witnesses testified. Under Federal Rule of Evidence 615, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Hammer concedes that he never made such a request. He asserts, however, that the court should have ordered the witnesses excluded on its own initiative because he is pro se and he did not know he could make such a request. Under the rule, a court "may" enter such an order on its own, but it is not required to do so. Fed. R. Evid. 615. Accordingly, the court's failure to do so does was not erroneous.

Next, Hammer argues that the court erred when it failed to credit his testimony over Defendants' witnesses' testimony and when it allowed Defendants' witnesses to testify about his character for truthfulness. Hammer misunderstands the purpose of an evidentiary hearing following a motion for summary judgment on exhaustion grounds. "While generally, the Court's role on summary judgment is not to evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter, but to determine whether a general issue of triable fact exists, a different standard applies to summary judgment on the issue of exhaustion." *Teen v. Barbara*, No. 18-cv-13, 2018 WL 7204223, at *3 (S.D. Ill. Nov. 20, 2018) (citing *Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008)). The Court of Appeals for the Seventh Circuit has explained that, "debatable factual issues relating to the defense of failure to

2

exhaust administrative remedies" are to be determined by the judge, not by a jury. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). In making those determinations, the judge "may hear evidence, find facts, and determine credibility." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citations omitted).

Thus, the court was not required to credit Hammer's testimony, as he suggests. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Further, it is well established that, "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

Finally, the court already explained in its November 27, 2019 order why it was proper for the court to allow Defendants' witnesses to give opinion and reputation testimony about Hammer's truthfulness. *See* ECF No. 57.

**THEREFORE, IT IS ORDERED** that Hammer's motion to alter or amend judgment (ECF No. 65) is **DENIED.**

Dated at Green Bay, Wisconsin this  4th  day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
